**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| RIKINKUMAR CHIMANBHAI PATEL, | § § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-25-CV-746-KC |
| WARDEN, ERO EL PASO CAMP EAST MONTANA, et al., | § § § § | |
| Respondents. | § § | |

## ORDER

On this day, the Court considered Rikinkumar Chimanbhai Patel's Amended Petition for

a Writ of Habeas Corpus, ECF No. 7.

## I.    BACKGROUND

Patel is a citizen of India who has been in the country since 2009 and was apprehended

and detained by immigration authorities for the first time on September 16, 2025.  *Id.* ¶¶ 2, 4.

Patel is currently detained at the ERO El Paso Camp East Montana facility in El Paso, Texas.  *Id.*

¶ 9.  Immigration and Customs Enforcement ("ICE") detained Patel after federal officers

executed a search warrant at Patel's business.  *Id.* ¶ 4.  Patel requested a bond hearing, and an

Immigration Judge ("IJ") denied bond, "finding him not to have met his burden to prove that he

is not a danger to the community."  *Id.* ¶ 8.  Patel argues that his continued detention is unlawful

and requests his release or a new bond hearing.  *Id.* ¶¶ 50–67; *id.* at 13.  Alternatively, Patel

seeks a transfer to the Buffalo (Batavia) Federal Detention Facility and an order for Respondents

to provide him with a "nutritionally appropriate vegetarian dietary accommodation."  *Id.* at 13.

On January 15, 2026, the Court ordered Respondents to show cause why the application for a writ of habeas corpus should not be granted.  Jan. 15, 2025, Order 3, ECF No. 9. Respondents argue that Patel is not entitled to any habeas relief because this Court cannot review an IJ's ("IJ") decision to deny bond, and that Patel's remaining claims are not properly brought through a habeas petition.  Resp. 1, ECF No. 10.  Patel filed a Reply, ECF No. 12, Supplemental Evidence, ECF No. 13, and a Supplemental Exhibit, ECF No. 14.  Patel states after initiating this case, he sought an additional custody re-determination hearing with the immigration court. Suppl. Ev. 1–2.  After setting a hearing, and then canceling the hearing minutes before it was set to start, an IJ denied reconsideration based on the same findings made in the initial bond hearing. *Id.*  He argues this further demonstrates how Respondents continue to deprive him of Due Process.  *Id.* at 2–3.  Patel has now been in immigration detention for about seven months.

## II.     DISCUSSION

First, Patel argues that the IJ's denial of bond based on the issuance of a search warrant alone violates the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), and the Fifth Amendment Due Process Clause.  Am. Pet. 55–67.  He states that he does not ask the Court to reweigh the IJ's discretionary balancing of the bond factors.  Reply 2. Instead, he asks the Court to "enforce the constitutional limits on civil detention."  *Id.*

This Court lacks jurisdiction to sit in review of an IJ's discretionary finding that an individual is a flight risk and therefore should be denied bond.  *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)).  Although he seems to concede this point, Patel argues that his continued detention based solely on the IJ's consideration of the search warrant, which has not resulted in any charges, cannot suffice to establish his dangerousness.  Reply. 4.  To the extent Patel asks the Court to reweigh the

evidence and determine that the IJ's dangerousness finding is not justified, the Court cannot do so.  Here, an IJ has made an individualized assessment of Patel's circumstances and found his detention was warranted.  Whether the Court agrees or not with the IJ's determinations regarding Patel's dangerousness is of no consequence, as it lacks the power to alter those determinations.

Patel further argues that because his detention has become unreasonably prolonged, he is now entitled to a bond hearing where the Government must justify his continued detention.  Reply 5.  Detention may become unreasonably prolonged in the pre-removal order context.  *See, e.g.*, *Maldonado v. Macias*, 150 F. Supp. 3d 788 (W.D. Tex. 2015).  The permissible extent of prolonged mandatory immigration detention under the Due Process Clause is a complicated issue, on which courts have employed differing analyses and reached disparate outcomes.  *See, e.g.*, *Alves v. U.S. Dep't of Justice*, No. 3:25-cv-306-KC, 2025 WL 2629763, at *2–4 (W.D. Tex. Sept. 12, 2025).  Although there is no defined point at which detention becomes unreasonably prolonged, this Court has found that detention exceeding twenty-six months in the pre-entry, pre-final-removal order context is unreasonable.  *Maldonado*, 150 F. Supp. 3d at 809–811.  Here, Patel had already been living in the country, but he is not subject to a final order of removal.  *See generally* Am. Pet; Reply.  And because he has already received a bond hearing in immigration court, he is limited to a pre-final-removal order prolonged detention claim.[1]

Patel has been detained for about seven months, which does not come close to the length of detention other courts have found to be unreasonably prolonged for noncitizens in an analogous position.  Notably, successful petitioners in prolonged detention claims usually do not receive a bond hearing in immigration court, prior to the filing of the petition, at all.  *See, e.g.*,

---

[1] Prolonged detention of non-citizens under a final order of removal can become unconstitutional when detention exceeds six months and there is no significant likelihood of removal in the reasonably foreseeable future.  *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001).  There is no indication that Patel is subject to a final order of removal.  *See generally* Pet.

3

*German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020); *Black v. Decker*, 103 F.4th 133, 138 (2d Cir. 2024).  Patel does not offer any authority to the contrary. *See generally* Am. Pet.; Reply.  Because Patel has been detained for only seven months, and he did receive an individualized custody determination at the onset of his detention, he does not demonstrate that his detention is unlawful at this juncture.  Further, as Respondents point out, Patel had the opportunity to appeal the IJ's denial of bond based on flight risk.  Resp. 1.  Patel does not state whether he pursued an administrative appeal, and he has not demonstrated that it would be futile to do so.  *See generally* Am. Pet.; Reply.  The Court does not express any opinion on whether his detention may become unreasonably prolonged at some point in the future.  But his detention is not unreasonable now.

Lastly, Patel argues that Respondents have violated his Fist Amendment right to exercise his religion freely because they have not accommodated his religious diet while in detention. Am. Pet. ¶¶ 50–52.  Patel states that his religion requires a vegetarian diet, and despite numerous requests, he "has been receiving inadequate meals."  *Id.* ¶ 10.  Patel also argues that Respondents are violating the ADA by detaining him in a detention center in El Paso, rather than a detention center near his autistic child.  *Id.* ¶¶ 53–54.

Patel's challenge to Respondents' failure to adequately accommodate his religious diet is properly characterized as a "conditions of confinement claim."  *See, e.g.*, *Unger v. Taylor*, No. 6-cv-466, 2007 WL 9711406, at *11–14 (E.D. Tex. Sept. 18, 2007).  Such claims are not properly brought under habeas but instead as civil rights claims, and are therefore dismissed.  *See Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) ("[T]he Great Writ [of Habeas Corpus] does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of

4

confinement."); *see also Akbar v. Barr*, No. 5:20-cv-1132-FB, 2021 WL 1345530, at *2–4 (W.D. Tex. Mar. 5, 2021).

As for Patel's argument that Respondents are violating the ADA by not detaining him in a facility near his autistic child, the Court is skeptical that the ADA encompasses such a claim. Patel does not offer any authority in support. *See generally* Am. Pet. Regardless, Patel's requested relief is that he be transferred to the Buffalo (Batavia) Service Processing Center. Am. Pet. ¶ 13. Patel's transfer request is not proper under habeas—again, he must bring a civil rights suit instead. *See Maxwell v. Thomas*, 133 F.4th 453, 454 (5th Cir. 2025).

## III.    CONCLUSION

Accordingly, the Court **ORDERS** that Patel's Amended Petition, ECF No. 7, is **DISMISSED** without prejudice to Patel's ability to re-file another habeas petition at such time as his detention becomes unreasonably prolonged, or to file a civil lawsuit re-asserting his First Amendment and ADA claims as a non-habeas action.

**The Clerk shall close the case.**

**SO ORDERED**.

**SIGNED this 20th day of April, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE